IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTEN SMALL, | : | CIVIL ACTION |
| | : | |
| | : | DOCKET NO. 02-CV-3744 |
| v. | : | |
| | : | |
| FIRST RELIANCE STANDARD | : | |
| LIFE INSURANCE COMPANY; | : | |
| E.M. INDUSTRIES, INC., AND | : | |
| E.M. SCIENCE | : | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
CROSS-MOTION FOR SUMMARY JUDGMENT AND
REPLY BRIEF IN SUPPORT OF DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

**Introduction**

In response to First Reliance Standard Life Insurance Company's ("First Reliance Standard") motion for summary judgment, plaintiff has filed a cross-motion for summary judgment. In the cross-motion, plaintiff improperly relies on evidence that may not be considered under the applicable law and makes arguments which are unsubstantiated and are also contrary to the law. These arguments are addressed in detail below.

The fact that plaintiff must rely on evidence that was never submitted to First Reliance Standard and devotes most of her brief to criticizing the defendant's review process demonstrates the weakness in the claim and why benefits were discontinued. If the administrative record supported plaintiff's claim, which it does not, there would be no need for these unfounded arguments. Based on the applicable law and the evidence that this court may consider, First Reliance Standard is entitled to judgment in its favor.

972102 v.1

**Legal Arguments**

1.   Plaintiff Improperly Relies On Evidence From Outside
     <u>of The Administrative Record</u>

The law of this Circuit is clear.  A court reviewing a plan's decision to deny benefits may only consider that evidence that was before the plan at the time the decision was made.  *See Mitchell v. Eastman Kodak Co.,* 113 F.3d 433, 440 (3d Cir. 1997); *Abnathya v. Hoffman LaRoche, Inc.,* 2 F. 30, 40, 48 n.8 (3d Cir. 1993) (holding that evaluations submitted after the final decision cannot be considered in determining whether the decision was arbitrary and capricious).  Plaintiff ignores this law and attaches to her brief as Exhibit "A" numerous medical records that were never submitted to Reliance Standard during its review of the claim.  Other evidence improperly before this court include a March 29, 2004 report from Dr. Grogan attached as Exhibit "C" to plaintiff's motion and the decision of the Social Security Administration which is Exhibit "E."

There is no excuse for plaintiff's attempts to pollute this record with evidence that cannot be considered by the court.  Without explanation, plaintiff argues that this extrinsic evidence is "relevant, probative, and admissible on the issue of Defendant's conflict of interest."  See footnote 1 to plaintiff's brief.  This argument is disingenuous and completely lacking in any merit whatsoever.  With the exception of one report which is contemporaneous with the appeal denial, the remaining reports and records were prepared ***after*** the final denial letter of First Reliance Standard dated June 21, 2000. (RSL 32).  How can plaintiff legitimately argue to this court that these records show a selectiveness on the part of the defendants when these records did not even exist when the final decision was made?

It is clear that plaintiff has introduced the subsequent medical records as well as the decision of the Social Security Administration solely on the issue of plaintiff's medical

condition. It is also clear under the applicable law that this evidence may not be considered by the court. Defendant would be justified in asking this court to strike plaintiff's opposition to its motion for summary judgment in its entirety based on the inappropriate conduct of counsel for plaintiff. At the very least, the exhibits referred to above should be stricken.

2.     First Reliance Standard Properly Investigated The Claim

Plaintiff complains in her brief that defendant did not obtain medical records from Dr. Grogan following March 6, 2000. This argument fails to recognize the law applicable to the claim. First Reliance Standard had no obligation to seek out any evidence. In *Pinto v. First Reliance Standard Life Insurance Co.,* 214 F.3d 377, 394 n.8 (3d Cir. 2000), the court stressed that there was no duty on the part of the plan to conduct a reasonable investigation or gather more information on the claim. Instead, it is the claimant's burden to provide proof to the decision maker.

Similarly, plaintiff argues that defendant should have obtained additional information since plaintiff's medical condition was not stable in March of 2000. Nothing in Dr. Grogan's March 6, 2000 report even suggests that the improvement in her condition was either temporary or that her condition was unstable. (RSL 43). It is also noteworthy that when Dr. Grogan completed the Physician's Statement for First Reliance Standard on June 3, 1999, he told the defendant that he expected plaintiff to achieve maximum medical improvement within twelve months at which time she would have a *full recovery*. (RSL 27). The twelve months expired at around the time benefits were finally denied.

This argument of plaintiff also fails to recognize that under the ERISA regulations in effect at the time of her claim, First Reliance Standard had to issue a decision on the appeal within 120 days. The 120 days would have run approximately two weeks after First Reliance

Standard issued its final denial letter on June 21, 2000. Therefore, First Reliance Standard could not wait to receive supplemental reports from Dr. Grogan which were prepared in July and August. More important, there was nothing that prevented plaintiff during the appeal from submitting a report from Dr. Grogan regarding her medical condition. It is simply irrelevant that First Reliance Standard would have had the subsequently prepared medical records reviewed by its medical department if they were in its possession. First Reliance Standard could only consider the evidence that was before it. That evidence did not support the continued payment of benefits.

3.   Plaintiff's Claim

From the onset, counsel for plaintiff misstates the basis for the disability claim. On page 3 of plaintiff's memorandum of law, it is stated that plaintiff suffers from "chronic fatigue syndrome."[1] Plaintiff was diagnosed with periodic limb movement and hypersomnia. (RSL 26). Chronic fatigue syndrome is a separate medical condition for which this plaintiff has not been diagnosed. *See Mitchell, supra.* Nor can plaintiff be diagnosed with chronic fatigue syndrome since there exists a separate explanation for her sleep problem. *Id.*

Plaintiff concedes in her brief that her condition improved in March and April of 2000. However, plaintiff argues that this improvement was not sustained. In support of this argument, plaintiff refers to a March 29, 2004 report prepared by Dr. Grogan. Obviously, this report was not in the possession of the defendant at the time it rendered its decision years earlier. Therefore, plaintiff may not rely on it.

Plaintiff next criticizes First Reliance Standard for not conducting a medical examination or nursing visit. As stated in *Pinto* and discussed above, no such obligation existed. *See also*

---

[1] Plaintiff's memorandum of law is unnumbered, making specific references to it more difficult.

*Wallace v. Reliance Standard Life Ins. Co.,* 318 F.3d 723 (7th Cir. 2003). It bears repeating that it was plaintiff's burden to provide proof of her claim to the defendant.

Plaintiff's next argument makes absolutely no sense. Earlier in the brief plaintiff criticized defendant for not obtaining updated medical records (which did not exist). In a contrary way, plaintiff next criticizes Ms. Winston for obtaining additional information from Dr. Grogan during her review of the appeal. While Ms. Winston had no duty to seek out information, the fact that she did so can only be seen as a sign of good faith. Nor is there anything legally or administratively that prevented her from obtaining additional evidence.

Similarly, plaintiff criticizes First Reliance Standard for not sharing with her the documents it obtained during the appeal and allowing her an opportunity to comment on them before the final decision. Not surprisingly, plaintiff fails to cite to any authority which required First Reliance Standard to provide her with copies of these documents, especially absent a request, and allow her an opportunity to have them reviewed before the final decision. If plaintiff's argument was law, which it is not, whenever a plan receives additional information, it would be required to furnish a copy of it to the claimant and allow her an opportunity to comment on it and provide additional documents for consideration. If after doing so the plan then sends the new documents out for review, would it then have to provide a copy of that report to the claimant and allow her an opportunity to comment on it as well? The review process would never end. That is why plaintiff's position is not the law.

4. <u>There Are No Claim Processing Irregularities</u>

Plaintiff argues that First Reliance Standard violated its own claim procedures when it allowed the nurse who reviewed the claim during the initial denial to review and comment on additional medical records received during the appeal. The problem with this entire argument of

972102 v.1                                5

plaintiff is that these claim procedures were not in effect at the time of plaintiff's claim. The language from the claim manual relied on by plaintiff comes directly from revisions to the ERISA regulations which went into effect on January 1, 2002, long after plaintiff's claim was decided. Counsel for plaintiff was informed at the time the claim manual was produced that it was *not* the manual in effect at the time plaintiff's claim was before First Reliance Standard. Plaintiff also admits in her brief that the claim examiner testified at her deposition that this provision did not apply in 2000. Therefore, counsel for plaintiff is attempting to mislead the court when making this argument.[2]

According to plaintiff, First Reliance Standard relied on the single treatment record of Dr. Grogan dated March 6, 2000. This is not true. In the preceding treatment record, Dr. Grogan also noted improvement in plaintiff's condition. On February 2, 2000, Dr. Grogan stated that the therapy was "successful" in allowing plaintiff to "sleep soundly through the night" from 10:00 p.m. to 8:00 a.m. (RSL 45). First Reliance Standard also relied on a Physical Capacities Assessment form completed by Dr. Grogan on May 22, 2000. On this form, Dr. Grogan stated that plaintiff could continuously sit, stand, walk and perform numerous other tasks. (RSL 57). Dr. Grogan also stated that plaintiff was capable of working at the light exertional level. (RSL 57). The form provided space for Dr. Grogan to comment on "other factors affecting the patient's physical abilities." (RSL 58). Nowhere did Dr. Grogan state that plaintiff's condition was unstable or that she was in any way limited in her ability to work.

Toward the end of her brief, plaintiff argues that despite the capabilities identified by Dr. Grogan on the form sent to First Reliance Standard, there are other portions of her job she could

---

[2]Plaintiff also argues that Nurse Finnigan was not qualified to comment on plaintiff's condition. This argument also relies on the language in the claim manual which was not in effect at that time of her claim. Therefore, this argument is lacking as well.

not perform, including the ability to concentrate, communicate, verbalize, train, type, file, plan, prepare, speak, perform math tasks and other undisclosed duties. There is absolutely no support for this argument. There is no evidence of any cognitive impairment on the part of plaintiff. If there were any such problems, Dr. Grogan would have identified them in the numerous reports he prepared or the claim form submitted to First Reliance Standard. Nowhere in the administrative record did Dr. Grogan identify any aspect of plaintiff's job that she was unable to perform. Therefore, plaintiff failed to sustain her burden of proving that she was totally disabled.

     Plaintiff acknowledges that her condition improved in March of 2000. She argues, however, that months later it declined. There is no evidence in the record to support plaintiff's argument that her condition declined. Moreover, this argument ignores the terms of coverage. Since plaintiff's condition improved and she was no longer disabled in March, she should have returned to work. When she failed to do so her eligibility under the policy ended. Therefore, there can be no additional benefits payable.

**Conclusion**

For the reasons discussed above and in the original motion for summary judgment, defendant is entitled to judgment in its favor. Plaintiff's brief relies on improper evidence and arguments that are contrary to the law. In fact, plaintiff's brief may be viewed as a concession on her part that the evidence in the administrative record does not support her claim. Accordingly, and based on the law, defendant is entitled to judgment in its favor.

RAWLE & HENDERSON LLP

By:_____/s/_____
        Joshua Bachrach, Esquire
        Heather J. Holloway, Esquire
        Attorneys for Defendant
        First Reliance Standard Life
        Insurance Company
        The Widener Building
        One South Penn Square
        Philadelphia, PA 19107
        (215) 575-4261

Date:   April 29, 2004

## Certificate of Service

The undersigned counsel for First Reliance Standard Life Insurance Company hereby certifies that a true and correct copy of First Reliance Standard Life Insurance Company's Response to Plaintiff's Cross-Motion for Partial Summary Judgment and Reply to Plaintiff's Memorandum in Opposition to First Reliance Standard Life Insurance Company's Motion for Summary Judgment was served on the counsel of record listed below, via electronic filing and/or U.S. Mail, postage pre-paid on this date.

        Vincent F. Presto, Esquire
        Law Offices of Vincent F. Presto
        124 Chestnut Street, Suite 16
        Philadelphia, PA 19106

        By:_____/s/_____
            Joshua Bachrach, Esquire
            Heather J. Holloway, Esquire

Date:  April 29, 2004