IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISTEN SMALL : | |
| : | Civil Action No. 02-CV-3744 |
| v. : | |
| : | |
| RELIANCE STANDARD LIFE : | |
| INSURANCE COMPANY, et al. : | |
| : | |

**Reliance Standard Life Insurance Company's
Response to Plaintiff's Supplemental Brief**

I.     Introduction

Reliance Standard Life Insurance Company ("Reliance Standard") hereby files its response to Plaintiff's Supplemental Brief on the issue of submission of extrinsic evidence. Reliance Standard incorporates the factual and procedural history as well as the arguments made within its Motion for Summary Judgment.

II.     Argument

1.     Extrinsic Evidence is not necessary in this case to determine the proper standard of review

The proper standard of review in this case is the heightened arbitrary and capricious standard. This standard is appropriate because (1) the policy terms grant discretionary authority to Reliance Standard to make benefits eligibility determinations and because (2) Reliance Standard operates under an implied conflict of interest because of its dual role as decision maker and insurer.

The policy specifically provides that long term disability benefits will only be paid after a claimant "submits satisfactory proof of Total Disability to us." (RSL 122).

994743 v.1

"Us" is defined in the policy as First Reliance Standard. (RSL 111). Despite this provision, plaintiff argues that *de novo* review is appropriate because "the plan does not expressly grant defendant discretion to determine benefit eligibility and contains no language that could even remotely be construed as granting defendant discretion to interpret plan language." *See* Pl.'s Supp. Br., p. 2. However, this issue has already been decided by the Third Circuit in *Pinto v. Reliance Standard Life Ins. Co.*, 214 F.3d 377, 379 (3d Cir. 2000), which interpreted the exact language used within the insuring clause quoted above and determined that it grants discretionary authority to Reliance Standard. *See also Brown v. Continental Cas. Co.,* 243 F. Supp.2d 321, 325 n. 4 (E.D. Pa. 2003) (commenting on an earlier unpublished decision in *Pinto* which specifically held that this language grants discretion).

Plaintiff continues her argument, citing the denial letter that was issued by Reliance Standard, which indicates that plaintiff must demonstrate total disability on a continuous basis in order to receive continued benefits. *See* Pl.'s Supp. Br., p. 2. Plaintiff argues that "the insuring clause of the policy itself does not require proof of total disability on a "continuous basis." *See* Pl.'s Supp. Br., p. 2. Plaintiff's argument on this issue makes no sense. The policy provides long term disability benefits. As a prerequisite for payment of continued monthly benefits, claimants must demonstrate entitlement to the same (i.e. demonstrate continued disability). To argue otherwise would imply that one who is not disabled is entitled to benefits, an irrational and unreasonable argument. To the contrary, if plaintiff's condition improves to the point that she is no longer totally disabled then she is not entitled to further benefits.

Here, the record shows that plaintiff's condition improved to the point where she was no longer totally disabled. Even if her condition worsened months later, and there is no evidence of this in the record that are properly before the court, her eligibility ceased at the time she demonstrated the ability to work full time. Moreover, by failing to return to work her coverage under the policy terminated since she was no longer a full time employee of the policy holder.

It is clear that plaintiff was required to demonstrate continued disability in order to receive benefits and that the policy granted discretionary authority to Reliance Standard to make benefit eligibility determinations. Therefore, plaintiff's argument that this case is subject to *de novo* review must fail. This Court should apply the heightened arbitrary and capricious standard of review. To that end, review of Reliance Standard's decision should be limited to the administrative record. *See Pinto*, 214 F.3d at 377.

### A.   The Medical Records of Dr. Grogan (Exhibit "A")

Plaintiff's arguments, as contained within this portion of her supplemental brief on the issue of the submission of extrinsic evidence exceeds the scope of the issue to be briefed. Plaintiff was asked to brief the issue of why this Court should allow her to submit extrinsic evidence. Plaintiff has expanded this issue by arguing the substance of the extrinsic evidence which she wishes to have considered.

Plaintiff references records of office visits to Dr. Grogan which occurred on June 5, 2000, July 5, 2000, July 20, 2000 and October 4, 2000 as documentation which should be considered by this Court. However, these records are not part of the administrative record and therefore it would not be proper to consider them under a heightened arbitrary and capricious standard of review.

The records within the administrative record contain all documents that were submitted to Reliance Standard prior to the issuance of its June 21, 2000 denial letter. The last medical record submitted to Reliance Standard was generated on March 6, 2000. The fact that plaintiff received treatment on June 5, 2000, a date prior to the June 21st decision, is of no consequence for several reasons but mainly because documentation of that visit was not provided to Reliance Standard during the claim period and therefore is not part of the record to be considered.

Plaintiff argues that "defendant's determination predicated solely upon plaintiff's medical condition as it was reported on March 6, 2000 shows defendant's obvious bias." *See* Pl.'s Supp. Br., p. 3. This is not true. Reliance Standard relied on the entire administrative record. In that record, plaintiff's own doctor told Reliance Standard that he expected plaintiff to make a full recovery within 12 months. This timing coincides with the March 6, 2000 office note. Nothing in the doctor's original report even suggested that relapse was a possibility. Therefore, Reliance Standard had every reason to believe that plaintiff recovered. More important, as discussed above, this issue is irrelevant. If a claimant is no longer totally disabled she must return to work or lose coverage. It is also noteworthy that this recovery was not short in duration. On May 22, 2000, Dr. Grogan confirmed that plaintiff was still doing well. It was not until approximately one month later that her condition allegedly worsened. Thus, for at least three months plaintiff was capable of working. Reliance Standard cannot be faulted for her failure to do so.

Plaintiff states that Reliance Standard's determination was incorrect because the records clearly indicate that plaintiff was scheduled for follow-up treatment. She argues

that this somehow put Reliance Standard on notice that she remained disabled. However, the mere fact that one is under the continuing care of a physician does not mean that she continues to demonstrate total disability. Indeed, in plaintiff's case, her condition had been brought under control and was being monitored to ensure continued control. With many conditions, there is always a possibility of relapse. However, this Court should not find that one remains entitled to disability benefits while their condition is in remission based on the mere fact that they may one day be disabled by a flare-up of the same condition. *See e.g. Coker v. Metropolitan Life Ins. Co.*, 281 F.3d 793 (8th Cir. 2002); *Goodman v. Provident Life & Accident Ins. Co.*, 250 F.3d 329 (5th Cir. 2001); *Galman v. The Prudential Ins. Co. of America*, 254 F.3d 768 (8th Cir. 2001). .

In relying on the reference to the need for follow-up visits at the time that benefits were discontinued, plaintiff argues that Reliance Standard erred because it "made no effort to communicate with plaintiff to ascertain when the [follow-up] appointment was, or at the very least, ascertain whether or how her medical condition changed or stayed the same since March 6, 2000." *See* Pl.'s Supp. Br., p. 3. However, in making this argument, plaintiff (1) attempts to shift the burden to Reliance Standard by imposing on it the duty to prove her claim and (2) ignores the fact that she was no longer disabled on March 6, 2000. This is not proper. *See Russell v. Paul Revere Life Insurance Co.*, 288 F.3d 78 (3d Cir. 2002); *Pinto, supra* ("we are not holding that Reliance Standard had a duty to gather more information").

In *Sandoval v. Aetna Life & Cas. Ins. Co.*, 967 F.2d 377, 380 (10th Cir. 1992), the plaintiff raised the same argument and it was rejected by the court. "An administrator's decision is not arbitrary or capricious for failing to take into account evidence not before

it." *See also LeFebre v. Westinghouse Elec. Corp.,* 747 F.2d 197, 208 (4th Cir. 1984) (plan is under no duty to seek out evidence contradicting evidence before it). Simply stated, if plaintiff wanted Reliance Standard to consider the updated records, it was her obligation to provide them. Reliance Standard cannot be faulted for her failures. Nor can this serve as a basis to introduce new evidence.

Plaintiff again attempts to shift the burden to Reliance Standard by arguing that Reliance Standard "was obligated to provide an up-date before the denial so that plaintiff had an opportunity to know what information was gathered and to supplement it if necessary." *See* Pl.'s Supp. Br., p. 7. However, plaintiff cites no authority for this position. Indeed, no such authority exists in a case such as this, where plaintiff made no demand for the records that she now contends Reliance Standard was obligated to provide. *See Kleinhans v. Lisle Sav. Profit Sharing Trust*, 810 F.2d 618, 622 (7th Cir. 1987) (there is no liability on the part of the plan administrator for failing to provide information that was never requested); *Verkuilen v. South Shore Bldg. & Mortgage Co.*, 122 F.3d 410, 412 (7th Cir. 1997) (no liability on the part of the plan administrator absent a written request for documents by the participant); *Pane v. RCA Corp.,* 868 F.2d 631, 639 (3rd Cir. 1989) (the plaintiff's request for coverage was not a request for information under ERISA which could lead to liability); *Watson v. Deaconess Waltham Hospital*, 298 F.3d 102, 111, 115 (1st Cir. 2002) (the plan administrator has no obligation to provide an employee with a personalized benefits assessment or provide information regarding the plan absent a specific request).

Plaintiff next relies on the determination of the Social Security Administration in support of her argument on the substance of the claim of disability, as opposed to the

issue of the submission of extrinsic evidence.  There truly is no basis for the admissibility of this evidence.  Should Reliance Standard find her disabled since she was so found by the Social Security Administration?  Even if Reliance Standard had the decision in its possession that decision would not be binding.  *See Chandler v. Raytheon Employees' Disability Trust,* 53 F.Supp.2d 84 (D. Mass. 1999), *aff'd* 2000 WL 800788 (1st Cir. 2000); *Paramore v. Delta Air Lines, Inc.,* 129 F.3d 1446, 1452 n. 5 (11th Cir. 1997); *Pagan v. NYNEX Pension Plan*, 846 F.Supp. 19, 20 (S.D. N.Y. 1994), *aff'd,* 52 F.3d 438 (2d Cir. 1995);  *Madden v. ITT Long Term Disability Plan*, 914 F.2d 1279, 1286 (9th Cir. 1990).  As explained recently by the Court in *Black & Decker Disability Plan v. Nord*, 538 U.S. 22 (2003), the Social Security Administration relies on certain presumptions, such as the treating physician rule, which do not apply in ERISA cases.  Since the Social Security Administration's decision is based on different definitions and rules, that decision cannot be binding on a plan, especially when the plan did not have the decision when it made its decision!

       The determination of the Social Security Administration is not binding on Reliance Standard for several reasons, including the fact that different standards are applied by the two entities and the fact that each body has different information before it when reviewing the same claim.  This latter point is made clear within plaintiff's brief, when she states that "the Social Security Administration's decision included all of the office visits of Dr. Grogan, i.e. through October of 2000, and the decision in that forum was in favor of disability."  *See* Pl.'s Supp. Br., p. 4.  Obviously, Reliance Standard and the Social Security Administration were not supplied the same documentation.

The issue in this case is whether Reliance Standard's determination was arbitrary and capricious *based on the record that was before it*, not based on the record that was before the Social Security Administration. *See Block v. Pitney Bowes, Inc.,* 952 F.2d 1450, 1455 (D.C. Cir. 1992) (review of the denial of benefits must be based "on the evidence presented to the plan administrators, not on a record later made in another forum" thus holding that it would "accord no weight to the Social Security Administration's determination").

      B.      The Expert Report of Dr. Grogan (Exhibit "C")

Plaintiff argues that "[t]he expert report of Dr. Grogan is probative, admissible and relevant on several glaring procedural irregularities." *See* Pl.'s Supp. Br., p. 5. In an attempt to support her argument, plaintiff states "the Physical Capacity Assessment form (RSL 57-58) on which Dorothy Winston admitted she relied in denying the claim does not anywhere on its face release plaintiff for work or certify her as fit for any form of work whatsoever." *See* Pl.'s Supp. Br., p. 5. True. However, the doctor did state on the form that plaintiff was ***continuously*** able to sit, stand, walk, bend, squat, climb, kneel and crawl and that ***she was capable of working at a light level***. (RSL 57). Nor did the doctor say she could ***not*** work any where on the form. Reliance Standard is not bound by the ultimate conclusions of plaintiff's treating physicians on the issue of disability. *See Nord*, 538 U.S. at 22, rejecting the use of the treating physician rule in ERISA. This is especially true when that opinion is not contained in the administrative record.

Within her brief, plaintiff argues that "[a]s it stands, there is absolutely no medical opinion from a doctor except Dr. Grogan's 2/2/00 opinion that plaintiff was disabled from work." *See* Pl.'s Supp. Br., p. 7. Plaintiff relies on *Orvosh v. Volkswagen of*

*America*, 222 F.3d 123 (3d Cir. 2000), implying that Reliance Standard impermissibly attempted to insulate its decision to deny benefits by merely asking plaintiff's treating physician for his opinion. *See* Pl.'s Supp. Br., p. 7. This is not the case. When considering plaintiff's claim, Reliance Standard asked for both the records and the opinion of plaintiff's treating physician. The records of plaintiff's treating physician did not support the claim of continued total disability. Accordingly, the ultimate conclusion of Dr. Grogan was found to be unsupported. Benefits were properly discontinued.

The final section of plaintiff's brief is mere argument on the merits of her claim and is beyond the scope of the issue to be argued within this supplemental brief. In response, Reliance Standard incorporates its Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment.

III.   Conclusion

Plaintiff has failed to identify any bias or procedural irregularity on the part of Reliance Standard. Although Reliance Standard acts under an *implied* conflict of interest, she has come forward with no allegations or evidence that Reliance Standard acted under the influence of that implied conflict. Further, the alleged procedural irregularities that plaintiff has identified (e.g. failure to accept the conclusion of her treating physician and failure to accept the determination of the Social Security Administration) were not procedural irregularities at all. Rather, Reliance Standard acted in accordance with its discretion, the policy terms and the applicable law.

It is obvious that there exists no legitimate basis for plaintiff's submission of the materials outside of the administrative record. Plaintiff's desperate attempt to supplement the record demonstrates that she cannot prevail based on the evidence in the

record. This does not, however, give plaintiff the right to supplement the record. Based on the arguments set forth within this response to plaintiff's supplemental brief and within Reliance Standard's Motion for Summary Judgment, this Court should apply the heightened arbitrary and capricious standard and limit its review to the documentation considered by Reliance Standard, as contained within the administrative record. Moreover, based on plaintiff's bad faith attempts to corrupt this record, Reliance Standard is entitled to an award of fees as authorized under the statute.

                                      RAWLE & HENDERSON LLP

                              BY: _____/s/_____
                                    Joshua Bachrach, Esquire
                                    Heather J. Holloway, Esquire
                                    One S. Penn Square, 16th Floor
                                    The Widener Building
                                    Philadelphia, PA 19107

Date: June 14, 2004

## Certificate of Service

The undersigned counsel for Reliance Standard Life Insurance Company hereby certifies that a true and correct copy of Reliance Standard Life Insurance Company's Response to Plaintiff's Supplemental Brief on the Issue of Submission of Extrinsic Evidence was served on the following counsel of record on the date set forth below, via electronic filing and/or U.S. Mail, postage prepaid.

> Vincent F. Presto, Esquire
> Law Offices of Vincent F. Presto
> 124 Chestnut Street, Suite 16
> Philadelphia, PA 19106

> RAWLE & HENDERSON LLP

> BY: _____/s/_____
> Joshua Bachrach, Esquire
> Heather J. Holloway, Esquire
> One S. Penn Square, 16th Floor
> The Widener Building
> Philadelphia, PA 19107

Date: June 14, 2004

994743 v.1