IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| KRISTEN SMALL | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-3744 |
| | : | |
| FIRST RELIANCE STANDARD LIFE | : | |
| INSURANCE COMPANY, E.M. | : | |
| INDUSTRIES, INC., and E.M. | : | |
| SCIENCE | : | |

**ORDER**

       And now this 23rd day of September, 2004, Defendant's, First Reliance Standard Life Insurance Company, Motion for Summary Judgment (docket # 13) and Plaintiff's Cross-Motion for Summary Judgment (docket # 15) are DENIED.[1]

---

    [1]A motion for summary judgment will only be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. Rule 56(c). In a motion for summary judgment, the moving party bears the burden of proving no genuine issue of material fact is in dispute and the court must review all of the evidence in the record and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348 (1986). Once the moving party has carried its initial burden, the nonmoving party must then "come forward with specific facts showing there is a genuine issue for trial." *Matsushita* 475 U.S. at 587 (citing Fed. R. Civ. P. 56(e))

    There are genuine issues of material fact in this matter. The issue in this case is whether Plaintiff is entitled to long term disability coverage, which Defendant First Reliance Standard Life Insurance Company provides. Plaintiff claims her diagnosis of hypersomnia and periodic leg disorder movement prohibits her from working for her employer. Plaintiff points to her physician's statements and prognosis that she experiences extreme sleepiness and will require continuous treatment before she may potentially return to work. Defendant says Plaintiff, although temporarily disabled, was able to work at the time the disability claim was reviewed. Defendant points to Plaintiff's March 6, 2000 visit to her physician. After this visit, the physician reported Plaintiff was now able to stay awake, sit, stand, and walk for longer periods of time, indicating treatment improved her conditioned. Plaintiff says this improvement was minor

BY THE COURT:

_____
Juan R. Sánchez, J.

---

and temporary and, despite her slightly improved condition, was not able to perform her employment duties. The parties dispute the severity of Plaintiff's condition at the time Defendant reviewed the disability claim and, consequently, presented issues of material fact.