# RAWLE & HENDERSON LLP



HEATHER J. HOLLOWAY
215-575-4264
hholloway@rawle.com

THE NATION'S OLDEST LAW OFFICES
ESTABLISHED 1783

www.rawle.com

THE WIDENER BUILDING
ONE SOUTH PENN SQUARE
PHILADELPHIA, PA 19107

TELEPHONE:(215) 575-4200
FACSIMILE:(215) 563-2583

December 8, 2004

*Via ECF and Hand Delivery*
Honorable Juan R. Sanchez
United States District Court
   for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797

      Re:   Kristen Small v. First Reliance Standard Life Insurance Company, et al.
             Civil Action No.: 02-CV-3744
             Our file no.: 439.492

Dear Judge Sanchez:

      Pursuant to your instruction during the telephone conference with all counsel on November 30, 2004, we are submitting this letter brief to address evidentiary issues that are expected to arise during the December 13, 2004 bench trial. This case involves plaintiff's claim for benefits under a policy that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* Dorothy Winston, a First Reliance Standard Senior Claims Examiner issued the final decision on plaintiff's claim. It is expected that plaintiff will attempt to testify on her own behalf. Further, she has issued a subpoena to Ms. Winston to testify regarding factual issues in this case. It is further expected that she will attempt to offer expert testimony through Wendell Grogan, M.D. His deposition has been unilaterally noticed for December 16, 2004 in Upland, PA. Finally, it is expected that plaintiff will attempt to introduce documentation that was not provided to First Reliance Standard during the claim investigation or appeal. Consideration of such information is not permitted under the law.

      In accordance with the law of ERISA, review of First Reliance Standard's decision is limited to the facts contained within the administrative record that was before First Reliance Standard at the time it reached its decision. *See Abnathya v. Hoffman-LaRoche, Inc.*, 2 F.3d 40, 41 (3d Cir. 2003); *Kelly v. Connecticut General Life Insurance Company*, 2003 WL 22795648 (E.D. Pa. Nov. 7, 2003); *Pinto v. Reliance Standard Life Ins. Co.*, 214 F.3d 377, 392 (3d. Cir. 2000; *Mitchell v. Eastman Kodak Company*, 113 F.3d 433, 440 (3d Cir. 1997). Each of these cases preclude the submission of additional documentation.

In *Abnathya*, the Court stated "[u]nder the arbitrary and capricious standard, the court must defer to the administrator of an employee benefit plan unless the administrator's decision is clearly not supported *by the evidence in the record* or the administrator has failed to comply with the procedures required by the plan." 2 F.3d at 41.

In *Pinto*, the Court relied on ERISA's purpose "in limiting the evidentiary scope of judicial review[, which] is to encourage the parties to resolve their disputes at the administrator's level." *Pinto*, 214 F.3d at 392 (citations omitted). "If district courts permitted claimants to present additional evidence in reviewing benefit determinations, 'the administrator's review of claims [would] be circumvented.' *Id.* at 392 (citations omitted). The Court found that limitation of evidence to the record would not be unduly burdensome to claimants. *Id* at 392. Evidence of disability could properly be submitted on the administrative level, prior to litigation.

In *Mitchell*, the Court stated that "[t]o determine whether [the claimant] has carried his burden, we look to the record as a whole." 113 F.3d at 440. The court defined the whole record, stating "[u]nder the arbitrary and capricious standard of review, the 'whole' record consists of that evidence that was before the administrator when he made the decision being reviewed." *Id.* at 440. Accordingly, on appeal, it was only "the evidence before the Administrator at the time of his final denial" which was considered the relevant record. *Id.* at 440. In *Kelly*, this Court applied *Mitchell* and limited its review "to the evidence that was before the administrator at the time of its decision." 2003WL22795648 *4.

The facts of this claim are set forth within the 280 page administrative record. To the extent that plaintiff intends to elicit more facts or opinions through her own testimony or through the testimony of Ms. Winston or Dr. Grogan, such testimony is precluded. Likewise, to the extent plaintiff intends to submit additional documentation beyond that contained within the administrative record, submission of such evidence is precluded. See Mitchell, *113 F.3d at 440*, *Abnathya*, 2.F.3d at 41; *Kelly*, 2003WL22795648 *4. See also Oskiwski v. Life Ins. Co. of N. America*, 139 F. Supp. 2d 668, 676-676 (W.D. Pa. 2001); *Ernest v. Plan Administrator of Textron Insured Ben. Plan*, 124 F. Supp. 2d 884, 893 (M.D. Pa. 2000).

An exception to the rule that review is limited to the Administrative Record is made in order to allow the parties to address the issue of any influence from a conflict of interest. *See McLeod v. Hartford Life and Accident Ins. Co.* 247 F. Supp. 2d 650, 654 (E.D.Pa. 2003). In *McLeod*, this court noted that "[i]n contrast to a court's review of the administrator's decision, a court is permitted to examine evidence outside of the administrative record *to determine whether there is a conflict of interest.* (emphasis added) (citations omitted). This is necessary to allow the Court to determine and apply the proper standard of review. *See Id.* at 654. First Reliance Standard operates under an express grant of discretion; however, it also operates under an *implied* conflict of interest because it serves as both insurer and decision maker. Therefore, the heightened arbitrary and capricious standard of review applies and discretion is decreased to the extent that First Reliance Standard may be influenced by the implied conflict. *See Id.* at 654.

> [I]f a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be

1074671 v.1

> weighed as a 'factor in determining whether there is an abuse of discretion.'" In the Third Circuit, where such a conflict of interest exists, courts adjust the arbitrary and capricious standard using a "sliding scale method, intensifying the degree of scrutiny to match the degree of conflict."

*Id.* at 654 (citations omitted).

It is plaintiff's burden to demonstrate that First Reliance Standard acted under the influence of a conflict. *See Kelly*, 2003WL22795648 *3. Nevertheless, defendant has identified, as potential witnesses, Ms. Winston and Richard Walsh, Director of Quality Review. There testimony, if necessary, will be limited to First Reliance Standard's policies and procedures and will demonstrate that First Reliance Standard did not act under the influence of a conflict of interest when rendering its determination.

Based on the authority cited herein, Defendants request that this Court enter an Order precluding plaintiff from (a) offering testimony through any witness regarding the facts of this claim (b) offering testimony through any witness regarding the expert opinions rendered in relation to her claim and (c) referencing any documentation that is not contained within the Administrative Record and (d) precluding plaintiff from taking the deposition of Dr. Grogan.

Very truly yours,

RAWLE & HENDERSON LLP


By:      /s/
     Heather J. Holloway

HJH/

cc:   Vincent Presto, Esquire (*via* Hand Delivery)

1074671 v.1