IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTEN SMALL | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-3744 |
| | : | |
| | : | |
| FIRST RELIANCE STANDARD LIFE | : | |
| INSURANCE COMPANY, E.M. | : | |
| INDUSTRIES, INC., and E.M. | : | |
| SCIENCE | : | |

## ORDER

And now this 17th day of December, 2004, this Court will consider the following extrinsic evidence in determining the standard of review and rendering a decision for the above-captioned trial: 1) Dorothy Winston's testimony; 2) Karen McGill's testimony; and 3) Dr. Grogan's testimony regarding Plaintiff's June 5, 2000 office visit.

The parties must submit briefs by December 21, 2004 regarding where on the "sliding scale" our heightened arbitrary and capricious standard of review will rest.[1] The parties must also submit

---

[1] This Court must preliminarily determine what standard of review applies before deciding if Defendant's denial of disability benefits was lawful. The Supreme Court held "a denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) [ERISA] is to be reviewed under a *de novo* standard, unless the benefit plan gives the administrator . . . discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). When the plan provides the administrator such discretion, an "arbitrary and capricious" standard of review applies. *Smathers v. Multi-Tool Inc./Multi-Plastics, Inc.*, 298 F.3d 191, 194 (3d Cir. 2002). This standard requires a court to defer to the plan administrator unless the administrator's decision is "without reason, unsupported by substantial evidence, or erroneous as a matter of law." *Pinto v. Reliance Standard Life Ins. Co.*, 214 F.3d 377, 393 (3d Cir. 2000).

their Findings of Fact and Conclusions of Law by December 24, 2004, consistent with the evidence admitted in this Order.

BY THE COURT:

_____
Juan R. Sánchez, J.

---

An insurance company, however, is generally acting under a conflict of interest when it both funds and administers benefits. Such an implied conflict warrants application of a heightened arbitrary and capricious standard of review because there is financial incentive to find claimant is not disabled. *Id.* at 377-78; *see also Lasser v. Reliance Standard Life Ins. Co.*, 344 F.3d 381 (3d Cir. 2003) (finding such financial incentive for administrator creates an inherent conflict of interest). The heightened arbitrary and capricious standard uses a sliding scale approach that intensifies the degree of scrutiny to coincide with the degree of conflict. *Id.* This Court will afford less deference to the administrator's decision if a greater degree of conflict is found. The administrative record and the evidence this Order admits will assist us to determine the degree of conflict present and where on the sliding scale our standard of review rests.

In conducting our review of the administrator's decision, this Court must look to the "record as a whole," which is the evidence that was before the administrator when she made the determination to deny benefits. *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 440 (3d Cir. 1997). This Court may, however, examine evidence outside of the administrative record to determine whether there is a conflict of interest and to what extent. *Pinto*, 214 F.3d at 395. The parties concede there is an inherent conflict of interest here and the heightened arbitrary and capricious standard applies. The extent and manifestations of this conflict are at issue.

A conflict exists and a "more searching scrutiny" is required where "the impartiality of the administrator is called into question." *Goldstein v. Johnson & Johnson*, 251 F.3d 433, 435 (3d Cir. 2001). Partiality can arise either because "the structure of the plan itself inherently creates a conflict of interest, or because the beneficiary has put forth specific evidence of bias or bad faith in his or her particular case." *Id.* at 435-436. Plaintiff alleges partiality on both bases by claiming: 1) there is an inherent conflict of interest because Defendant funds and administers the benefits plan; and 2) Defendant reviewed Plaintiff's claim in bad faith and its investigation was marred with procedural irregularities.

In order to thoroughly and accurately determine the degree of conflict present, this Court will consider Dorothy Winston's and Karen McGill's testimony concerning Defendant's procedural practices and Dr. Grogan's testimony regarding Plaintiff's June 5, 2000 office visit. Winston's and McGill's testimony is particularly useful in determining if there were procedural irregularities with how Defendant handled Plaintiff's total disability claim. Dr. Grogan's testimony regarding the June 5, 2000 office visit is useful in assessing whether Defendant selectively considered evidence. The June 5, 2000 office visit took place prior to Defendant's final determination on June 21, 2000. This testimony will assist the Court in determining the extent of Defendant's bias and where on the sliding scale our standard of review will rest.