IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISTEN SMALL : | |
| : | Civil Action No. 02-CV-3744 |
| v. : | |
| : | |
| RELIANCE STANDARD LIFE : | |
| INSURANCE COMPANY, et al. : | |
| : | |

**DEFENDANTS' MOTION FOR RECONSIDERATION**

Defendants, by and through their attorneys, hereby move the Court to reconsider the judgment entered against them pursuant to Federal Rule of Civil Procedure 59(e), and in support thereof, avers as follows:

1. On February 28, 2005, this Court signed an Order entering judgment in favor of plaintiff and against defendants on the claim for disability benefits.

2. On March 1, 2005, a copy of the Order was sent to defendants via email.

3. Pursuant to Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment no later than ten days after the entry of that judgment.

4. One purpose of a motion for reconsideration is to ask the court to correct a clear error of law. *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

5. The district court's decision against defendants was based on legal conclusions that are contrary to the well-established law of the Circuit concerning the review of ERISA claims.

1117478 v.1

6. In concluding that plaintiff remained totally disabled, the district court relied on a June 5, 2000 report from Dr. Grogan. This report is not part of the administrative record and should never have been considered by the district court in deciding the issue of eligibility. *See Mitchell v. Eastman Kodak Company*, 113 F.3d 433, 440 (3rd Cir. 1997). (The "whole" record consists of that evidence that was before the administrator when he made the decision being reviewed); *Abnathya v. Hoffmann-La Roche, Inc.*, 2 F.3d 40, 41 (3rd Cir. 1993) ("The court must defer to the administrator of an employee benefit plan unless the administrator's decision is clearly not supported by the evidence in the record . . .").

7. The district court considered the June 5, 2000 report of Dr. Grogan even though it is not in the administrative record since it "was available before First Reliance made its final decision on June 21, 2000." See Memorandum and Order at page 10 and 11.

8. Defendants had no obligation to seek out the report of Dr. Grogan prior to the denial of the claim since it is a claimant's burden to submit evidence to support a claim for benefits. *Abnathya*, 2 F.3d at 46. *See also, Pinto v. Reliance Standard Life Ins. Co.*, 214 F.3d 377, 394 n.8 (3rd Cir. 2000) ("Our focus on process should not be read to require an additional duty to conduct a good faith, reasonable investigation. That is, we are not holding that Reliance Standard had a duty to gather more information, merely that the decision might have been arbitrary and capricious given the information available").

9. Under the arbitrary capricious standard that applied to this Court's review, "the court is not free to substitute its own judgment for that of the defendants in determining eligibility for plan benefit." *Abnathya,* 2 F.3d at 45.

10. This Court improperly substituted its own judgment for that of First Reliance Standard when it concluded that the decision was based on "evidence selectively chosen" and that the March 6, 2000 report of Dr. Grogan showed only "modest improvement." See Memorandum and Order at pp. 8-9.

11. The district court erroneously substituted its own judgment in assessing the evidence instead of deciding whether First Reliance Standard's decision was reasonable based on the evidence in the record, in that the Court disregarded the following:

    a. At the time Dr. Grogan completed his initial claim form for Reliance Standard on June 3, 1999, he stated that plaintiff should achieve maximal medical improvements and fully recover within 12 months. (RSL 151);

    b. On February 2, 2000, Dr. Grogan reported that plaintiff's "nighttime sleep has become much better" and that she "no longer experience[s] the degree of sleep disruption that was seen before starting medications." (RSL 72);

    c. Dr. Grogan reported to Dr. Pileggi on February 2, 2000, that plaintiff's therapy was "successful" in allowing her to "sleep soundly through the night" from 10:00 p.m. to 8:00 a.m. (RSL 45);

    d. Following the February 2, 2000 visit, Dr. Grogan prescribed Adderall. (RSL 45);

    e At the time of the next office visit on March 6, 2000, plaintiff had significant improvement in her symptoms, not the "modest improvement" stated by the court. While Dr. Grogan stated that plaintiff was waking up with a great deal of sleep inertia as noted by the court, Dr. Grogan further stated that plaintiff was "able to stay awake from about 7:00 a.m. to 8:00 p.m., generally feels alert during that time period. . ." (RSL 43);

        f.        The district court ignored Dr. Grogan's comment in his March 6, 2000 report that her Clonopin "continues to keep her other symptoms under control." (RSL 43);

        g.        In the March 6, 2000 report, Dr. Grogan stated that plaintiff was tolerating her medications. (RSL 43);

        h.        Nowhere in the report did Dr. Grogan state that plaintiff's improvement was "modest." Nor is this suggested. (RSL 43);

        i.        Plaintiff's condition obviously continued to improve after March, 2000 as Dr. Grogan stated in May of 2000 that in an eight hour workday, plaintiff was continuously capable of sitting, standing, walking and was capable of light level work. (RSL 57);

12. According to the district court, First Reliance Standard abused its discretion when it failed to consider Ms. Small's "cognitive capacity and her ability to perform her job." See Memorandum and Opinion at p. 10.

13. Nowhere in the March 6, 2000 or May 22, 2000 reports, did Dr. Grogan suggest that plaintiff was experiencing cognitive difficulties. (RSL 47-57). On the contrary, Dr. Grogan stated that plaintiff "generally feels alert" during the day. (RSL 43).

14. There is no evidence anywhere in the administrative record that at the time benefits were discontinued, plaintiff was experiencing cognitive difficulties.

15. Even if plaintiff was experiencing cognitive difficulties, it was her burden to provide First Reliance Standard with evidence supporting her claimed disability. *Abnathya*, 2 F.3d at 46.

16. In each of the areas identified above, the district court erred in its analysis and application of the law.

WHEREFORE, defendants respectfully request that the Court reconsider its early Order and judgment in favor of plaintiff and instead enter judgment in favor of defendants.

                        RAWLE & HENDERSON, LLP

By: _____/s/_____
      Joshua Bachrach, Esquire
      Heather J. Holloway, Esquire
      One South Penn Square
      Suite 1600
      Philadelphia, PA 19103
      Attorneys for Defendants

Date: March 11, 2005