IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTEN SMALL, | : | CIVIL ACTION |
| | : | |
| | : | DOCKET NO. 02-CV-3744 |
| v. | : | |
| | : | |
| FIRST RELIANCE STANDARD | : | |
| LIFE INSURANCE COMPANY; | : | |
| E.M. INDUSTRIES, INC., AND | : | |
| E.M. SCIENCE | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION FOR RECONSIDERATION**

**INTRODUCTION**

Defendants ask this Court to reconsider the Order entered on March 1, 2005 entering judgment in favor of the plaintiff and against defendants. The Court's decision is contrary to the law of this Circuit in several significant ways. Specifically, the Court relied heavily on evidence that is not part of the administrative record and that should never have been considered. The Court also erred in its analysis by improperly substituting its own judgment for that of First Reliance Standard, concluding that Reliance Standard was under an obligation to seek out medical evidence and by concluding that plaintiff was disabled due to cognitive impairments that are not documented any where in the administrative record. Since the Court's decision cannot be reconciled with the law, defendants respectfully request that this Court reconsider the prior Order and instead enter judgment in their favor.

**LEGAL ARGUMENTS**

1117707 v.1

A party may file a Motion for Reconsideration to correct a manifest error of law in a Court decision. *See Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3rd Cir. 1999); *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3rd Cir. 1995). While a Motion for Reconsideration may not raise arguments that the party neglected to include in the prior briefs, each of the issues identified below was discussed in defendants' briefs as well as the discussions in open Court. Accordingly, these arguments have been preserved.

    A.    **This Court Improperly Based Its Decision on Evidence That Was Not Before The Plan When It Decided The Claim**

Throughout the Court's decision, reference is made to a June 5, 2000 report from Dr. Grogan, plaintiff's treating physician. There is no dispute that this report is not part of the administrative record. Nevertheless, as justification for considering the report, the Court stated that evidence from outside of the administrative record is permissible to determine whether and to what extent a conflict of interest exists. See Memorandum and Order at p. 10. While this is true, that was not the purpose for which the Court relied on the June 5, 2000 report.

As recognized by the District Court, when reviewing a plan's decision, the Court may only consider that evidence that was before the plan at the time the decision was made. *See Mitchell v. Eastman Kodak Company*, 113 F.3d 433, 440 (3rd Cir. 1997); *Abnathya v. Hoffmann-LaRoche, Inc.*, 2 F.3d 40, 41 (3rd Cir. 1993). In *Pinto v. Reliance Standard Life Insurance Co.*, 214 F.3d, 377 (3rd Cir. 2000), the Third Circuit held that evidence from outside the administrative record may be considered but only on the issue of whether a conflict of interest exists. The fact that evidence may be admissible on the conflict of interest question does not open the door for the Court's use of that same evidence on the issue of whether the claimant is entitled to benefits. There is absolutely no authority that allows the Court to expand the record in this manner.

While the Court stated that the June 5, 2000 report was admissible on the conflict of interest issue, the Court did not explain why this is so. It appears that the Court believed that the June 5, 2000 report was evidence of a conflict of interest since the report existed at the time of Reliance Standard's final decision but Reliance Standard did not obtain the report from Dr. Grogan. This basis for finding a conflict of interest is contrary to the law of this Circuit. In *Pinto*, the District Court made it clear that a plan has absolutely no obligation to seek out additional evidence in support of a claim. Specifically, the Court of Appeals stated as follows:

> Our focus on process should not be read to require an additional duty to conduct a good faith from a reasonable investigation. That is, we are not holding that Reliance Standard had a duty to gather more information, merely that the decision might have been arbitrary and capricious given the information available.

*Pinto*, 214 F.3d at 394 n.8. *See also Abnathya,* 2 F.3d at 46. In *Abnathya*, the Third Circuit held that the District Court erred when it improperly placed the burden on the plan. The Third Circuit stated that under the law, it is the burden of the claimant to submit medical evidence to support the claims for benefits. *Id.*

As discussed in the cases cited above, Reliance Standard had no duty to seek out the June 5, 2000 report of Dr. Grogan before denying the claim. Accordingly, this basis for the Court's conclusion that Reliance Standard was acting under a conflict is erroneous. Moreover, there was simply no legal basis for the Court to rely on the June 5, 2000 report in deciding the question of eligibility. Nevertheless, and contrary to the applicable law, the Court repeatedly cited to the June 5, 2000 report in its decision. This is clearly erroneous.

**B.    The Court Improperly Substituted Its Own Judgment For That Of the Plan Fiduciary Contrary To the Law Of This Circuit**

Under the law of this Circuit, "the Court is not free to substitute its own judgment for that of the defendants in determining eligibility for plan benefits." *Abnathya*, 2 F.3d at 45. In a number of ways, the Court did just that. According to this Court, Reliance Standard selectively reviewed the medical evidence before it. According to the Court, First Reliance Standard "selectively placed greater emphasis on the March 6, 2000 report." See Memorandum and Opinion at p. 9. First Reliance Standard does not dispute that it relied on that report, however, this was not the only evidence relied on it.

First, it is important to note that when the claim was initially submitted, Dr. Grogan stated that plaintiff should recover fully within twelve months. (RSL 151). By February of 2000, Dr. Grogan reported that plaintiff's sleep had become "much better." (RSL 72). Dr. Grogan also reported to one of plaintiff's other physicians in February of 2000 that her sleep therapy was "successful" in allowing her to sleep soundly through the night. (RSL 45).

By March 6, 2000, plaintiff's condition had improved significantly, and not in "modest" ways as stated by this Court. According to Dr. Grogan, plaintiff was able to stay awake from 7:00 a.m. until 8:00 p.m. and "generally feels alert during that time period." (RSL 43). While the doctor stated that plaintiff woke up with sleep inertia, it is obvious from the other language in the report that this should not last long. (RSL 43). Dr. Grogan further stated in his March 2000 report that plaintiff's medication kept her other symptoms "under control." (RSL 43).

It is clear from the next report from Dr. Grogan that the improvement was not temporary. In May of 2000, Dr. Grogan told First Reliance Standard that plaintiff was capable of continuously sitting, standing and walking in an eight hour day and that she was capable of light level work. (RSL 57). No where in the report did Dr. Grogan even suggest that plaintiff's condition had worsened.

This evidence described above is more than just "selective" evidence from the administrative record. It is substantial evidence that supports the defendants' decision in this claim. The *only* basis for

this Court to conclude that plaintiff's condition did not improve is the June 5, 2000 report from Dr. Grogan. This report should never have been considered in the first instance.

At the very least, the evidence establishes that plaintiff's condition improved to the point where she was capable of returning to work by at least March of 2000. The insuring clause in the First Reliance Standard policy states that a *monthly* benefit will be paid if the claimant submits satisfactory proof of total disability. Thus, when plaintiff was no longer totally disabled, it was her obligation to return to work. When she failed to do so, her coverage terminated and she would not have been eligible for benefits even if there was evidence that her condition deteriorated in June of 2000.

This Court also improperly substituted its own judgment and erred as a matter of law when it concluded that First Reliance Standard failed to consider the cognitive effects on plaintiff's ability to work. Simply stated, there was no evidence of any cognitive difficulties. On the contrary, Dr. Grogan stated in March of 2000 that plaintiff was alert during the day. (RSL 43). Moreover, as stated in the *Abnathya*, it was plaintiff's burden to provide evidence to support her claimed disability. Plaintiff could not have sustained her burden since there is absolutely no evidence in the administrative record of any cognitive difficulties at the time benefits were discontinued. First Reliance Standard cannot be faulted for failing to take into consideration plaintiff's "cognitive-based material duties" when there is no evidence of any impairment whatsoever in the record at the time benefits were discontinued.

In each of the ways discussed above, the District Court's analysis of plaintiff's claim is contrary to the law. These errors included the Court's consideration and reliance on evidence that is not in the administrative record, the Court improperly shifting the burden of proof to First Reliance Standard and the Court's conclusion that plaintiff continued to be disabled due to cognitive difficulties even though there was absolutely no evidence in the administrative record to support such a conclusion. These errors require reconsideration of the Court's earlier decision.

## CONCLUSION

For the reasons stated above, defendants respectfully request the Court reconsider its decision of March 1, 2005 entering judgment in favor of plaintiff and instead enter judgment in favor of defendants.

                RAWLE & HENDERSON LLP


                BY: _____/s/_____
                      Joshua Bachrach, Esquire
                      Heather J. Holloway, Esquire
                      *Attorneys for Defendants*
                      One S. Penn Square, 16th Floor
                      The Widener Building
                      Philadelphia, PA 19107

Date:   March 11, 2005