IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
KRISTEN SMALL                              :
                                           :
    vs.                         :    CIVIL ACTION
                                           :
FIRST RELIANCE STANDARD LIFE   :    NO. 02-CV-3744
INSURANCE COMPANY, et al.      :
_____        :

## PLAINTIFF'S MOTION FOR ATTORNEY FEES AND PRE-JUDGMENT INTEREST OR ALTERNATIVELY TO AMEND JUDGMENT PURSUANT TO F.R.C.P. 52(b)

Plaintiff, Kristen Small, though counsel, hereby moves this Court for an Order awarding attorney fees, costs, and pre-judgment interest, or alternatively, pursuant to Federal Rule of Civil Procedure 52(b), for an Order amending the judgment entered in this matter on March 2, 2005 to include reasonable attorney fees, costs, and pre-judgment interest. Plaintiff repeats and incorporates by reference the substance of the accompanying Memorandum of Law as if set forth at length herein.

WHEREFORE, plaintiff Kristen Small respectfully requests that this Court award attorney fees, costs, and pre-judgment interest.

**LAW OFFICES OF VINCENT F. PRESTO**

By: _____
     VINCENT F. PRESTO, ESQUIRE
     124 Chestnut Street
     Philadelphia, PA  19106
     (215) 922-7000
     Attorneys for Plaintiff

```
_____
TEN SMALL                       :
                                :
    vs.                         :      CIVIL ACTION
                                :
FIRST RELIANCE STANDARD LIFE    :      NO.  02-CV-3744
INSURANCE COMPANY, et al.       :
_____ :
```

PLAINTIFF'S MEMORANDUM OF LAW

I. PROCEDURAL HISTORY

This is a claim arising under the Employee Retirement Security Act ("ERISA") in which plaintiff sought a review by this Court of defendant's benefit decision denying her long term disability benefits. In a decision and Order dated February 28, 2005, entered March 2, 2005, this Court found that defendant's denial was arbitrary and capricious and entered judgment in plaintiff's favor. Since attorney fees and costs, as well as pre-judgment interest are awardable under ERISA, plaintiff now moves this Court to amend its Order and include an award for reasonable attorney fees and costs, as well as pre-judgment interest.

II. ATTORNEY FEES

1. The Standard

Whether to allow an award of attorney fees and costs to the prevailing party under ERISA rests within the sound discretion of the trial court. Skretvedt vs. E.I. Dupont de Nemours, 6 F.d 167, fn 10 (3d. Cir. 2001). The court must consider five factors: (1) the offending parties' culpability or bad faith; (2) the ability of the offending party to satisfy the award; (3) the deterrent effect of an award of attorney fees against the offending parties; (4) the benefit conferred on members of the plan as a whole; (5) the relative merits of the parties' position. McPherson vs. Employee's Pension Plan of American Re-Insurance Co., Inc., 33 F.3d 253 (3d. 1994). Under the first factor, there need not be a showing of "bad faith", or an ulterior or sinister purpose; rather, it must be shown that the offending party was "culpable". *Id.* In this context, "culpability" means blamable, censurable, at fault, or involving a breach of a legal duty or the commission of a fault. *Id.* It is

submitted that each of these factors are satisfied.

The first factor is satisfied. This Court determined that defendant acted under a conflict-of-interest that warranted giving its determination only slight deference and that defendant's denial was not supportable as arbitrary and capricious. The Court's reasons for why defendant's denial was arbitrary and capricious leave little doubt concerning defendant's culpability. First, the Court found that defendant selectively used medical evidence for self-serving reasons to deny the claim. As such, if defendant had evaluated the medical evidence in an even-handed, fair manner, the denial would not have been made, and this litigation would have been entirely unnecessary. Secondly, the Court found that defendant did not fairly and appropriately evaluate plaintiff's ability to perform the material duties of her position. Defendant's failure here is even more inexcusable because its very own policy language qualified a beneficiary for benefits if he or she was unable to perform the material duties of the position. Defendant must be accountable for failing to apply the very language and standards under its own policy. *See, e.g.,* Carney vs. International Brotherhood of Electrical Workers, No. 00-6270 (02d0622p.pdf) (Kelly, J. August 13, 2002) (judgment that defendant's decision was "arbitrary and capricious" found to satisfy "culpability" factor).

The second factor is likewise satisfied. As the attached itemization demonstrates, the total attorney fees and costs at stake are miniscule when compared to defendant's substantial revenues and assets. Defendant is a solvent, profitable insurance company. According to its year end, December 31, 2003 statement with the Pennsylvania Department of Insurance, defendant has net assets totaling over $90,000,000.00. ( www.delphifin.com) Plainly, defendant can afford the cost-shifting of attorney fees and costs in this matter.

The third and fourth factors are satisfied as well. The Court should recall that the disputed benefit denial cut off plaintiff's benefits as of March 6, 2000. Consequently, plaintiff has gone more than five years without a monthly disability benefit – disability income to which she was entitled all along. Like most disabled persons without the ability to work, plaintiff was completely dependent upon that income to meet her every day living expenses. Indeed, financial security in the event of disability is the very purpose of the coverage in the first place.

Defendant's wrongful denial placed great financial hardship on plaintiff. Without awarding attorney fees

and costs instantly, defendant now pays not a penny more than it should have been paying all along.  Indeed, defendant has actually profited through its wrongful denial in retaining the "value" of plaintiff's money throughout this five year period.  Conversely, plaintiff has gone without the income for the past five years and must pay attorney fees and costs associated with her effort to compel defendant through litigation to honor her claim.  If defendant was excused from paying fees and costs, defendant would never be deterred from making a self-serving denial in the future.  Indeed, by wrongfully denying claims in the future, it stands to lose no more than it would have to pay if it properly and timely approved the claim.   On the other hand, requiring defendant to shoulder the expense of its denial may deter defendant from making an arbitrary and capricious decision in the future.  *See, e.g.,* Baker vs. Raytheon Engineers, no. 96-721 (Fullam, J. May 1997)(97d0673p.pdf) ("And there may be some slight deterrent effect, and some ensuing benefit to other plan participants if, as a result of a counsel fee award, defendants take a more realistic approach in future cases").  The same logic applies here.

The fifth element is also satisfied.  This Court is amply familiar with the facts of this present dispute.  By virtue of this Court's decision in plaintiff's favor on the merits, this factor militates in plaintiff's favor.

2.   Lodestar

Attached as Exhibit "A" is an itemization of plaintiff counsel's services and the amount of time spent on each.  The services were all necessary for the achievement of a successful result, and the time spent is more than reasonable.  Accordingly, it is respectfully submitted that this Court should approve the total amount of time for which fees are sought.  Moreover, the expenses incurred were reasonable and necessary as well.

Plaintiff seeks an hourly rate of $275.00 per hour.  Attached as Exhibit "B" is a June 5, 2001 decision and order of Chief Administrative Judge Lonnie L. Crawford,  approving the undersigned's fee petition in a disability case before the Merit Systems Protection Board.  In that case, the undersigned's customary billing rate of $250.00 per hour was approved.

The undersigned's experience was represented to be in that case as follows:  "Member of the Pennsylvania and New Jersey Bars for ten (10) years; …extensive and substantial experience in federal benefit cases dating back to his clerkship with the Office of Administrative Law Judges, Department of Labor, 1990 through 1993.  [The undersigned] has handled numerous federal disability cases with success, including Social Security

4

Disability, Federal Civil Service Disability, Federal FECA claims. In addition, the undersigned has been handling ERISA disability cases for more than 10 years. The undersigned has successfully represented numerous clients in ERISA and other disability litigation in this federal court. The requested hourly fee of $275.00 per hour is justified because: (a) it has been more than four years since the $250.00 was determined reasonable; (b) plaintiff counsel's experience is more extensive now than then, and accordingly tasks and work performed in the instant case were performed in a more efficient manner, thus expending less time; (c) ERISA litigation is a specialized field, and locating experienced, competent counsel for representation by a plaintiff is not commonplace; (d) the work involved in bringing about a successful result was more complex in this case than in the Hawthorne case, including the necessity of taking a deposition and proceeding with a bench trial.

Accordingly, it is respectfully requested that this Court approve plaintiff counsel's request for fees and costs, in the amount of $275.00 per hour for the total time enumerated in the attached itemization.

III. Pre-Judgment Interest

In this circuit, pre-judgment interest is awardable in ERISA benefit cases. Fotta vs. United Mine Workers Of America, 165 F.3d 209 (3d Cir. 1998). Accordingly, it is respectfully submitted that this Court enter judgment allowing pre-judgment interest.

WHEREFORE, plaintiff Kristen Small respectfully requests that this Court enter an Order awarding attorney fees and costs and pre-judgment interest.

**LAW OFFICES OF VINCENT F. PRESTO**

By: _____
VINCENT F. PRESTO, ESQUIRE
124 Chestnut Street
Philadelphia, PA 19106
(215) 922-7000
Attorneys for Plaintiff

## **EXHIBIT "A"**

# EXHIBIT "B"

CERTIFICATE OF SERVICE

I, Vincent F. Presto, Esquire, hereby certify that I served a true and correct copy of

this Plaintiff's Motion for an Award of Attorney Fees, Costs, and Pre-Judgment Interest

upon the person(s) set forth below on the date indicated via United States regular mail.

    Heather Holloway, Esquire
    RAWLE & HENDERSON, L.L.P.
    The Widener Building
    One South Penn Square
    Philadelphia, PA 19107

                                                  _____
                                                VINCENT F. PRESTO, ESQUIRE

Date: _____

February 1, 2005

Heather Holloway, Esquire
RAWLE & HENDERSON, L.L.P.
The Widener Building
One South Penn Square
Philadelphia, PA 19107

 Re: Small vs. First Reliance

Dear Ms. Holloway:

 Enclosed please find Plaintiff's Proposed Findings of Fact and Conclusions of Law which were filed late today with the Clerk.

   Very truly yours,


   VINCENT F. PRESTO


VFP:  rf
Encls.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

TEN SMALL                              :
                                       :
    vs.                                :    CIVIL ACTION
                                       :
FIRST RELIANCE STANDARD LIFE           :    NO.  02-CV-3744
INSURANCE COMPANY, et al.              :
_____       :

## ORDER

AND NOW, this ___ day of _____, 2005, upon consideration of Plaintiff's Motion for Allowance of Attorney Fees, Costs, and Pre-Judgment Interest, and Defendants' response thereto, it is hereby ORDERED that plaintiff's motion is GRANTED.

Attorney fees in the amount of $30,415.00 and costs in the amount of $1,617.34 are awarded in plaintiff's favor and against defendant.  Pre-judgment interest in also awarded against defendants for the period commencing from the filing date of this action through March 2, 2005.

BY THE COURT:

_____
J.

February 1, 2005

Best Buy Rebate #54683
P.O. Box 7400
Calais, ME  4619-7408

Dear Sir/ Madam:

    Enclosed please find the Rebate Form, modem receipt, and account number.  Please know that I was not sent a confirmatory e-mail and I was told that a duplicate Order Form could not be printed.  I contacted Comcast and they advised that they could not forward any confirmation because it was not their promotion.

        Very truly yours,


        VINCENT F. PRESTO


VFP:  rf
Encls.

March 11, 2005

<u>VIA HAND DELIVERY</u>:
Michael E. Kunz, Clerk of Court
United States Courthouse
Room 2609
601 Market Street
Philadelphia, PA 19106

    Re:    Small vs. First Reliance Standard Insurance Co.; 02-3744

Dear Mr. Kunz:

    Enclosed for filing please find an original Motion for Allowance of Attorney Fees, Costs, and Pre-judgment Interest in the above matter. Please time stamp and return the enclosed copy. An accompanying floppy disk will be filed shortly.

                          Very truly yours,


                          VINCENT F. PRESTO


VFP: rf
Encls.
cc:    Heather Holloway, Esquire (w/ encls.)

Vincent F. Presto, Esquire
124 Chestnut Street
Philadelphia, PA 19106