IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KRISTEN SMALL                          :
                                       :        Civil Action No. 02-CV-3744
        v.                             :
                                       :
RELIANCE STANDARD LIFE                 :
INSURANCE COMPANY, et al.              :
                                       :
                                       :

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ALLOWANCE OF ATTORNEY FEES,
COSTS AND PRE-JUDGMENT INTEREST**

**Introduction**

On March 2, 2005, the Court entered an order granting summary judgment in favor of the

plaintiff and against defendants. Plaintiff has now filed a motion for attorney fees, costs and

interest. Defendants have also filed a motion for reconsideration in which defendants ask this

court to reconsider the judgment that was entered in favor of the plaintiff based on errors in the

application of the law in the Court's decision. In the event the court agrees with the defendants,

then plaintiff's motion must be denied since she will not have prevailed.

Plaintiff's motion must be denied for additional reasons. Plaintiff has not sustained his

burden that the rate he seeks is reasonable. Nor are all of the costs sought by plaintiff

recoverable as they too are unreasonable. Accordingly, the motion should be denied.

**Legal Argument**

A.      Plaintiff Has Provided No Evidence As To The Prevailing Market Rates

Plaintiff is asking this court to award him fees at an hourly rate of $275.00 per hour. To

determine the reasonableness of an hourly rate, courts look to the prevailing party's attorney's

experience and skill compared to the prevailing market rates in the community for lawyers of

1118619 v.1

reasonably comparable skill, experience and reputation. *Maldanado v. Houstoun,* 256 F.3d 181, 184 (3d Cir. 2001). *See also Blum v. Stenson,* 465 U.S. 886 (1984). As stated in *Maldanado,* an attorney's usual billing rate may be a consideration but is not dispositive of the question of whether the rate is reasonable. *Maldanado,* 256 F.3d at 184-85.

In *Washington v. Phila. Ct. of Common Pleas,* 89 F.3d 1031, 1036 (3d Cir. 1996), the Third Circuit stated that the prevailing party satisfied his burden that the attorney rate that was sought was reasonable based on affidavits from other lawyers in the same geographic area who were practicing in the same area of the law. Here, there is no such evidence. Plaintiff has not provided the court with any affidavits that even suggest that $275.00 per hour is a reasonable rate in this market for an attorney handling an ERISA disability matter. Instead, counsel for plaintiff relies on an award in a matter involving the Merit Systems Protection Board. These areas of the law are dissimilar.

In support of his request for fees in the amount of $275.00 per hour, counsel for plaintiff states in the motion (but not in an affidavit) that he "has been handling ERISA disability cases for more than 10 years." However, Mr. Presto has not identified any of these other cases nor was counsel for defendant able to locate any published decisions in which Mr. Presto was counsel in an ERISA disability case. Therefore, it is impossible to determine a reasonable rate for an attorney with reasonably comparable skill, experience and reputation. *See Maldanado, supra.* In any event, plaintiff has not even provided an affidavit regarding the reasonableness of the fees. Since plaintiff has not sustained his burden, his request for fees must be denied.

B.    The Denial of The Benefit Claim Was Not Made in "Bad Faith."

For reasons that are set forth in detail in defendants' motion for reconsideration, plaintiff's motion for fees should also be denied since the denial of benefits was not made in bad

faith. According to plaintiff, the denial of benefits was based on a selective use of the medical

records. According to plaintiff, "if defendant had evaluated the medical evidence in an even-

handed, fair manner, the denial would not have been made." However, the court's decision was

based on a June 5, 2000 report that is not part of the administrative record. Accordingly, First

Reliance Standard could *not* have considered that evidence when reviewing the claim.

Moreover, as stated in the motion for reconsideration, it was *plaintiff's* burden to provide

evidence to First Reliance Standard. Therefore, the fault for failing to provide the June 5, 2000

report lies squarely with the plaintiff.

First Reliance Standard's decision was not based on a selective review of the medical

records. Instead, it was based on the totality of the information that was provided. This

information included:

      a.      At the time Dr. Grogan completed his initial claim form for Reliance Standard on June 3, 1999, he stated that plaintiff should achieve maximal medical improvements and fully recover within 12 months. (RSL 151);

      b.      On February 2, 2000, Dr. Grogan reported that plaintiff's "nighttime sleep has become much better" and that she "no longer experience[s] the degree of sleep disruption that was seen before starting medications." (RSL 72);

      c.      Dr. Grogan reported to Dr. Pileggi on February 2, 2000, that plaintiff's therapy was "successful" in allowing her to "sleep soundly through the night" from 10:00 p.m. to 8:00 a.m. (RSL 45);

      d.      Following the February 2, 2000 visit, Dr. Grogan prescribed Adderall. (RSL 45);

      e      At the time of the next office visit on March 6, 2000, plaintiff had significant improvement in her symptoms, not the "modest improvement" stated by the court. While Dr. Grogan stated that plaintiff was waking up with a great deal of sleep inertia as noted by the court, Dr. Grogan further stated that plaintiff was "able to stay awake from about

7:00 a.m. to 8:00 p.m., generally feels alert during that time period. . ." (RSL 43);

f.      The district court ignored Dr. Grogan's comment in his March 6, 2000 report that her Clonopin "continues to keep her other symptoms under control." (RSL 43);

g.      In the March 6, 2000 report, Dr. Grogan stated that plaintiff was tolerating her medications. (RSL 43);

h.      Nowhere in the report did Dr. Grogan state that plaintiff's improvement was "modest." Nor is this suggested. (RSL 43);

i.      Plaintiff's condition obviously continued to improve after March, 2000 as Dr. Grogan stated in May of 2000 that in an eight hour workday, plaintiff was continuously capable of sitting, standing, walking and was capable of light level work. (RSL 57);

Since First Reliance Standard's decision was not made in bad faith, and it is submitted that the decision was reasonable, the request for fees should be denied.

Plaintiff also fails to explain how the fourth factor identified in fee requests has been satisfied in this case. To satisfy the fourth criteria, the plaintiff must demonstrate that a benefit was conferred on members of the plan as a whole. Plaintiff states that she has satisfied this factor but offers no explanation. Nor can defendants conceive of any way in which plaintiff conferred a benefit on the plan as a whole. Since plaintiff has not sustained her burden of proving entitlement to fees based on a number of the factors to be considered, the fee request should be denied.

C.      Not All of the Fees and Costs Requested by Plaintiff are Reasonable

Defendants will acknowledge that in general, the hours expended by counsel for plaintiff in this matter are reasonable. However, there are a few entries that cannot be considered reasonable. For example, there is a small amount of time claimed by plaintiff in opposing the

motion to strike the jury demand.  There was no legal basis for the opposition, therefore, the fee sought is unreasonable.  Defendants also believe that the time expended preparing for and taking the deposition of the claim examiner is unreasonable.  There can be no better proof of this than the fact that none of this testimony was relied on by plaintiff when arguing that defendant was acting under a conflict of interest.  Nor was this evidence relied on by the court in its decision. Similarly, plaintiff seeks $500.00 in costs for an "expert fee."  This outside evidence was improperly submitted, inadmissible and, therefore, unreasonable.  Likewise, while the court accepted the June 5, 2000 report from Dr. Grogan even though it is not in the administrative record, defendants submit that this was erroneous as a matter of law and all costs sought by plaintiff in connection with obtaining the medical records should be disallowed.  Likewise, the transcript costs and witness fee associated with the deposition of the Reliance Standard witness should be disallowed as unreasonable.

## Conclusion

For the reasons stated above, plaintiff has not sustained her burden of proving entitlement to fees and costs.  Accordingly, the motion should be denied.

RAWLE & HENDERSON LLP


By:_____/s/_____
        Joshua Bachrach, Esquire
        Heather J. Holloway, Esquire
        Attorneys for Defendants
        The Widener Building
        One South Penn Square
        Philadelphia, PA 19107
        (215) 575-4200


Date:   March 15, 2005

1118619 v.1                                    5