IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTEN SMALL | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-3744 |
| | : | |
| | : | |
| FIRST RELIANCE STANDARD LIFE | : | |
| INSURANCE COMPANY, E.M. | : | |
| INDUSTRIES, INC., and E.M. | : | |
| SCIENCE | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                                          **May 4, 2005**

      Kristen Small claimed First Reliance Standard Life Insurance Company, E.M. Industries, Inc., and E.M. Science (collectively "Defendants"), violated the Employee Retirement Income Security Act ("ERISA")[1] by denying her claim for long-term disability benefits. Defendants claimed Small was disabled until March 6, 2000 and was not entitled to long-term disability benefits beyond that date. After a non-jury trial, we entered judgment for Small. Small now asks for an award of attorneys' fees and Defendants request reconsideration of the judgment.

**DISCUSSION**

      The District Court has discretion to determine whether to award attorneys' fees and costs to the prevailing party in an ERISA action. 29 U.S.C. § 1132(g)(1); *see also Skretvedt v. E.I. Dupont de Nemours*, 268 F.3d 167, 185 n.10 (3d Cir. 2001). Although ERISA does not provide a standard for awarding attorneys' fees and costs, the Third Circuit set forth five factors a district court must

---

[1] 29 U.S.C. §§ 1001, *et seq.*

consider. *Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983). A district court must weigh: 1) the offending parties' culpability or bad faith; 2) the ability of the offending parties to satisfy an award of attorneys' fees; 3) the deterrent effect of an award of attorneys' fees against the offending parties; 4) the benefit conferred on members of the pension plan as a whole; and 5) the relative merits of the parties' position. *Id.*

"[T]here is no presumption a successful plaintiff in an ERISA suit should receive an award in the absence of **exceptional circumstances**." *McPherson v. Employees' Pension Plan of American Re-Insurance Co.,* Inc., 33 F.3d 253, 254 (3d Cir. 1994) (*citing Ellison v. Shenango, Inc. Pension Bd.,* 956 F.2d 1268, 1273 (3d Cir.1992)) (emphasis added). A district court, when ruling on an application for fees in an ERISA case, should articulate its conclusions in light of the five *Ursic* factors. *Anthuis v. Colt Indus. Operating Corp.,* 971 F.2d 999, 1012 (3d Cir.1992). After considering these factors, this Court does not find the exceptional circumstances necessary to grant Small's motion.

This Court first considers whether Defendants acted with bad faith or culpability. Bad faith typically connotes an "ulterior motive or sinister purpose." *McPherson*, 33 F.3d at 256. Defendants' decision lacks such motive or purpose and, therefore, was not made in bad faith. Despite not finding bad faith, this Court still must determine if Defendants' actions were culpable. *Id.* at 257. Culpable conduct is "blameable; censurable; . . . at fault; involving the breach of a legal duty or the commission of a fault . . . . Such conduct normally involves something more than simple negligence . . . ." *Id.* (quoting *Black's Law Dictionary* (6th ed. 1990)). "A party is not culpable merely because it has taken a position that did not prevail in litigation." *Id.*

Although the Defendants' decision to deny Small benefits as of March 6, 2000 is based on

2

several procedural irregularities,[2] their actions were not made in bad faith or with sufficient culpability to award Small attorneys' fees. Each party claims the other had the obligation to obtain the June 5, 2000 doctor's report, documenting Small's medical regression.

Defendants state "it was plaintiff's burden to provide evidence to First Reliance Standard. Therefore, the fault for failing to provide the June 5, 2000 report lies squarely with the plaintiff." Defendants' Brief in Opposition, March 15, 2005, p.3. Small, however, claims she relied on Defendants' May 22, 2000 letter which stated, "[w]e are still in the process of completing our review and we are awaiting additional information and medical records from Dr. Grogan. **We will be contacting you** in the near future with an update or to inform you **if additional information will be required**." (A.R. 64) (emphasis added). Small understandably believed Defendants would contact her if more information was needed. Small was never contacted and Defendants never obtained the June 5, 2000 report.

Defendants created the impression they would inform Small if further medical documentation was necessary and would keep her updated. They did neither. Defendants' letter undermined their argument that the burden to provide additional information was on Small. Defendants relied heavily on the principle that a plaintiff bears the burden to produce sufficient evidence for such claims, without adequately considering their representations in the May 22, 2000 letter. These negligent acts, however, are not sufficiently culpable to award attorneys' fees.

This Court must also consider Defendants' ability to pay the attorneys' fees. Defendant First Reliance is a profitable insurance company whose net assets totaled over $90,000,000.00 in 2003. Plaintiff's Memorandum of Law, March 11, 2005, p.3. Defendants are clearly able to pay Small's

---

[2] *See* Memorandum and Order, February 28, 2005.

attorneys' fees and costs amounting to over $32,000.00. The deterrent effect of an award of attorneys' fees against the offending parties must also be assessed. Although Defendants did not act in bad faith, this Court must consider whether ERISA's objectives would be served by deterring Defendants' conduct. *McPherson*, 33 F.3d at 258. Considering Defendants did not act with sufficient culpability to award attorneys' fees, a deterrent is neither necessary nor appropriate. ERISA's objectives would not be served by deterring conduct such as Defendants'.

This Court next must determine whether a benefit is conferred on members of the pension plan as a whole. Small fails to establish how members of the pension plan will benefit as a whole if she is awarded attorneys' fees. Small claims by forcing Defendants to shoulder the expense of their denial, Defendants will take a more realistic approach in future cases. Plaintiff's Memorandum of Law, March 11, 2005, p.4. This argument is without merit because Defendants' decision was realistic, albeit improper, despite its procedural irregularities. Small fails to correlate awarding her attorneys' fees with a benefit to members of the pension plan as a whole.

Lastly, this Court considers the relative merits of the parties' position. The fact that the Defendants' position did not prevail at trial does not alone "put the fifth factor in the column favoring an award." *McPherson*, 33 F.3d at 258. The Defendants determined Small was no longer disabled after receiving a more favorable prognosis in March 2000. Although there were several procedural irregularities in Defendants' decision-making process, their position was not wholly devoid of merit. After considering the five factors given above, this Court finds Small is not entitled to attorneys' fees. Furthermore, Defendants' Motion for Reconsideration is without merit for the reasons provided in our February 28, 2005 Memorandum and Order. Accordingly this Court enters the following:

**<u>ORDER</u>**

And now this 4th day of May, 2005, Defendants' Motion for Reconsideration (docket #38) and Plaintiff's Motion for Attorney Fees (docket #39) are DENIED.

BY THE COURT:

_____
Juan R. Sánchez, J.